UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| RICHARD P. CALANDRELLI, | ) | No. CV 05-05117-VBK |
|         Plaintiff, | ) | MEMORANDUM OPINION |
|    v. | ) | AND ORDER |
| | ) | (Social Security Case) |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) | |
|         Defendant. | ) | |

    This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner ("AR"). The parties have filed their pleadings and supporting memoranda, and the Commissioner has filed the certified AR. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

    In the Joint Stipulation ("JS"), Plaintiff raises the following

single issue: Whether the ALJ stated legally adequate reasons for rejecting the testimony of [Plaintiff]. (JS at 3.)

Plaintiff cites various portions of the AR which contain his own assessment of his activities of daily living ("ADLs"). For example, in his Disability Report, he asserted that he was tired, depressed, and had no energy to do much. (AR 146.) He also identified as a disabling condition the stress from being around people. (AR 104.) He extensively described his ADLs in response to a questionnaire (AR 127-132; 159-164; 184-189). As he himself characterized his activities, he described a limited pattern of activity focused on attention to medical needs. (See JS at 4, citing AR 127, 129, 159, 161.) For example, he described an inability to do household chores because of pain. (AR 128.) Socially, he indicated that although he gets along with his father, he does not care to be around people too much. (AR 130.) He stays in his truck most of the time (AR 161), and he keeps to himself a lot. (AR 187.)

A similar report was rendered by Plaintiff's father, Michael Calandrelli. (AR 121-126; 165-170; 178-183.) Among other things, Plaintiff's father indicates that other than socializing with him, Plaintiff does not otherwise socialize. (AR 124, 168, 181.)

In his testimony at the administrative hearing (AR 414-434), Plaintiff provided testimony similar to his prior reports. Thus, he indicated that he is often drowsy (AR 425), that he has difficulty walking, and is easily stressed (AR 426-427), and that most of the time he is just "hanging out" or visiting with his father. (AR 430.)

In rejecting Plaintiff's own description of his ADLs and the extent of his ability to function, the ALJ principally relied upon the reports of consultative psychologist Dr. Yang. On January 12, 2003,

2

Dr. Yang performed a complete psychiatric evaluation at the request of the Department of Social Services. (AR 295-298.)  Dr. Yang also examined Plaintiff for a similar purpose the year before, on May 19, 2002. (AR 299-302.)  As the ALJ noted in his decision (AR 23), Plaintiff's report of his current level of functioning to Dr. Yang was directly at odds with his hearing testimony, and his reports to the Commissioner during the administrative process.  Dr. Yang's summary of Plaintiff's own statements will be quoted in full below:

> "The [Plaintiff] currently lives in a house with his family.  He is able to eat, dress and bathe independently.  The [Plaintiff] reports that he does household chores, errands, shopping and cooking, and helps his father.  His hobbies include playing the bass guitar, and going out with friends to sporting events.  He is able to manage money.  Transportation is by driving himself.  He is able to go places alone.  He visits with family and friends, and gets along adequately with others.  During the day, the [Plaintiff] gets up, helps his father, and meets with his friends."

(AR 297.)

Plaintiff's principal complaint about the ALJ's reasoning is that even if he does have an ability to participate in various ADLs, this does not negate a finding of disability. (See cases cited at JS 7.) This was not the purpose of the ALJ's citation of Dr. Yang's report. Rather, consistent with normal procedures involved in assessment of credibility, the ALJ compared Plaintiff's prior descriptions of his functional limitations with the admissions he made to Dr. Yang.  It is

3

abundantly clear that on almost every level, Plaintiff's extreme description of his functional limitations do not match the activities he admitted being able to participate in when he met with Dr. Yang. These inconsistencies were properly relied upon by the ALJ in his assessment of Plaintiff's credibility. See Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001). The inconsistencies are clear and obvious, both in terms of physical functioning, and as to Plaintiff's ability to handle stress.

Moreover, Plaintiff is incorrect in alleging that the ALJ gave him no credibility. In the decision itself, the ALJ clearly indicates that his assessment of Plaintiff's residual functional capacity ("RFC") resulted from a review of the record and a consideration of Plaintiff's testimony. (See AR at 20.) Further, with regard to Plaintiff's mental limitations, the ALJ acknowledged that Plaintiff alleged an anxiety disorder, despite the fact that there were no medical records which disclose receipt of any mental health treatment. Despite the fact that Dr. Yang's clinical testing revealed no psychiatric diagnosis, the ALJ credited, in part, Plaintiff's own self-assessment. Thus, in his decision, he wrote, "I am giving the [Plaintiff] the benefit of the doubt, and I accept and adopt the opinion of the consulting psychiatrist, Dr. Yang... Thus, I find that the [Plaintiff] is limited to simple repetitive tasks. I further find that the [Plaintiff] has only slight limitation in understanding, remembering and carrying out detailed instructions." (AR 23.)

For the foregoing reasons, the Court finds that the ALJ's credibility assessment was not erroneous.

Plaintiff's final argument is that the ALJ committed error by

4

1  failing to discuss the credibility of Plaintiff's father, who provided
2  the responses previously noted in this decision and in daily
3  activities questionnaires.  Aside from making this general argument,
4  Plaintiff fails to argue how the specific information provided by
5  Plaintiff's father would have altered the ALJ's decision.  Plaintiff's
6  father provided responses on questionnaires which were consistent with
7  Plaintiff's own questionnaires and testimony.  But again, there is an
8  absence of treatment pertaining to most of these complaints in the
9  record, and there is inconsistency between the father's reporting, and
10 Plaintiff's own claims to Dr. Yang of the nature and extent of his
11 daily activities.  Effectively, the ALJ did not reject the testimony
12 or information provided by Plaintiff's father; rather, it simply was
13 superfluous to the decision.  Certainly, both case law and regulation
14 provide that persons such as family members who are in a position to
15 observe a claimant's activities are competent witnesses to testify
16 regarding the claimant's condition.  See Sprague v. Bowen, 812 F.2d
17 1226, 1232 (9th Cir. 1987); 20 C.F.R. §404.1513(e)(2).  Nevertheless,
18 the credibility of the observations of Plaintiff's father is erased by
19 Plaintiff's own statements to Dr. Yang.  The ALJ's reliance on
20 Plaintiff's statements to Dr. Yang provides clear and convincing
21 reasons to reject not only Plaintiff's own credibility, based on his
22 prior statements, but also the prior statements of Plaintiff's father,
23 which directly contradict Plaintiff's own admissions.
24 //
25 //
26 //
27 //
28 //

5

1  For the foregoing reasons, the Commissioner's decision is
2  affirmed.  Judgment will be entered in favor of the Commissioner, and
3  the action will be ordered dismissed with prejudice.
4  **IT IS SO ORDERED.**

6  DATED: June 22, 2006

8                                        /s/
                                   VICTOR B. KENTON
9                                  UNITED STATES MAGISTRATE JUDGE